## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **SAMSON ALDACO,** | ) | **CASE NO. 8:09CV177** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ROBERT HOUSTON,** | ) | |
| | ) | |
| **Respondent.** | ) | |

This matter is before the court on Petitioner's Motion to Appoint Counsel. (Filing No. 5.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted).  As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).  Upon review of the pleadings and Petitioner's Motion, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that: Petitioner's Motion to Appoint Counsel (Filing No. 5) is denied without prejudice to reassertion.

DATED this 1st day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge