# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMSON ALDACO, | ) | CASE NO. 8:09CV177 |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT HOUSTON, | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Second Motion for Recusal and supporting Affidavit and Brief. (Filing Nos. 16, 17, and 18.) Respondent has filed an Objection to Petitioner's Motion and a supporting Brief. (Filing Nos. 19 and 20.)

Statutory disqualification standards for federal judges are set forth in 28 U.S.C. § 144 and 28 U.S.C. § 455. Petitioner alleges the provisions of both §§ 144 and 455(a) require that the undersigned judge recuse herself in this case.

Upon the application of any party by a sufficient affidavit, 28 U.S.C. § 144 requires that a judge be disqualified when she "has a personal bias or prejudice" against the filing party. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists" and must also "be accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.* Further, "[a]n affidavit supporting the disqualification of a judge must strictly comply with all of the requirements set forth in the judicial disqualification statute." *In re Medlock*, 406 F.3d 1066, 1073 (8th 2005).

Also at issue in this case is 28 U.S.C. § 455(a), which states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The applicable standard is summarized in *U.S. v. Aldridge*, 561 F.3d 759 (8th Cir. 2009):

> The test for recusal is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case.'
>
> ....
>
> Disqualification of a judge for bias is seldom appropriate unless the bias derives from an 'extrajudicial source.' Absent this, the record must evince a 'deep-seated favoritism or antagonism [on the part of the judge] that would make fair judgment impossible.'

Id. at 764 (internal citations omitted). Additionally, "because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise." U.S. v. Denton, 434 F.3d 1104, 1111 (8th 2006).

Petitioner's Affidavit is legally insufficient to meet the requirements imposed by 28 U.S.C. § 144 because it was not accompanied by a certificate of counsel of record stating that it was made in good faith. Pursuant to NEGenR 1.1(d)(5), a pro se party is considered "counsel" in his case. Thus, Petitioner was required to provide the necessary certificate of good faith and his failure to do so renders his Affidavit insufficient.

Separately, even assuming the facts included in Petitioner's Affidavit are accurate, his allegations are legally insufficient to require disqualification under either 28 U.S.C. § 144 or 28 U.S.C. § 455. Petitioner states the judge should recuse herself from these habeas proceedings because she previously presided over Petitioner's bench trial in Case No. 8:02CR21, after which she convicted him of federal criminal charges and made other adverse rulings.[1] (Filing No. 17 at CM/ECF p. 1-2.) Petitioner was later tried and convicted in state court for activities involving the same material facts as those raised in his federal criminal trial and his Petition in this case stems from the state court convictions. Id.

---

[1] Petitioner claims the undersigned judge denied his 28 U.S.C. § 2255 Motion, specifically finding that his trial testimony was not credible. Additionally, the undersigned judge denied his application for a certificate of appealability. (Filing No. 17 at CM/ECF p. 2.)

The grounds Petitioner asserts in support of his Motion for Recusal are inadequate to prompt the undersigned judge's disqualification. Petitioner is surely displeased with the decisions of the court in prior proceedings; however, by his own admission, Petitioner's federal criminal convictions were upheld on appeal (filing no. 17 at CM/ECF p. 2). Thus, there is no reason to believe the judge's impartiality in past proceedings might reasonably be questioned. See *Denton*, 434 F.3d at 1111 ("[O]pinions formed by the judge on the basis of facts introduced or events occurring the course of . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). Similarly, there is no evidence of extrinsic bias or antagonism in these proceedings. Petitioner's federal criminal case and his state criminal case may share some material facts, but they are two entirely separate matters and the undersigned judge took no part in the state court proceedings. Accordingly, Petitioner's Motion for Recusal is denied.

IT IS THEREFORE ORDERED that:

1. Petitioner's Second Motion for Recusal (Filing No. 16) is denied; and
2. Respondent's Objection to Motion for Recusal (Filing No. 19) is granted.

DATED this 17th day of August 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.