# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMSON ALDACO, | ) | 8:09CV177 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Samson Aldaco's ("Aldaco") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent has filed an Answer (filing no. 22), a Brief in Support of his Answer (filing no. 23), State Court Records (filing no. 21), and a Reply Brief in Support of his Answer (filing no. 31). Aldaco has filed a Brief in Support of his Petition. (Filing No. 29.) This matter is therefore deemed fully submitted.

Condensed and summarized, Aldaco's claims are:

Claim One: Petitioner received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's trial counsel (1) failed to properly preserve and secure appellate review of the speedy trial issues; (2) did not bring an immediate appeal of the trial court's decision to overrule Petitioner's Motion to Dismiss; (3) incorrectly advised Petitioner regarding state law, leading him to reject the plea agreement offered by the state; (4) ignored evidence critically relevant to the prosecution's case against Petitioner; and (5) failed to effectively cross-examine a state witness.

Claim Two: Petitioner received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's appellate counsel (1) failed to properly preserve and secure appellate review of the speedy trial issues; (2) did not raise on direct appeal that his trial counsel failed to tell Petitioner he could be convicted under the theory of aiding and abetting; and (3) did not raise on direct appeal that his trial counsel's performance was prejudicially deficient during his cross-examination of the state's primary witness, Enrique Ramirez.

(Filing No. 13 at CM/ECF p. 1.)

## BACKGROUND

### I.  Aldaco's Conviction and Direct Appeal

On January 9, 2004, a jury in the District Court of Douglas County, Nebraska, found Aldaco guilty of first-degree murder, use of a deadly weapon to commit a felony, possession of a deadly weapon by a felon and possession of a controlled substance.[1] (Filing No. 21-2, Attach. 1 at CM/ECF pp. 24-28.) Aldaco was then sentenced to serve life in prison for first-degree murder, ten years of imprisonment for use of a deadly weapon to commit a felony, ten years of imprisonment for possession of a deadly weapon by a felon and one year of imprisonment for possession of a controlled substance. (Filing No. 21-7, Attach. 6 at CM/ECF pp. 22-23.)

Aldaco appealed his convictions on May 6, 2004. *State v. Aldaco*, 710 N.W.2d 101, 107 (Neb. 2006). On appeal, Aldaco argued that he was denied effective assistance of counsel, his conviction was not supported by the evidence, his sentence was excessive, and the trial court erred in overruling his motion to discharge on speedy trial grounds.[2] (Filing No. 21-7, Attach. 6 at CM/ECF p. 35.) Aldaco's only allegation of ineffective assistance of counsel was that his "trial attorney had a conflict of interest." (*Id*. at CM/ECF pp. 46-47.)

On March 3, 2006, the Nebraska Supreme Court rejected Aldaco's arguments and affirmed his convictions and sentences. *State v. Aldaco*, 710 N.W.2d 101 (Neb. 2006).

---

[1]James J. Regan represented Aldaco during his trial. (Filing No. 21-3, Attach. 2 at CM/ECF p. 1.)

[2]Mark A. Weber represented Aldaco on his direct appeal. (Filing No. 21-9, Attach. 8 at CM/ECF p. 1.)

2

## II. Aldaco's Post-Conviction Proceedings

After his direct appeal, Aldaco filed a motion for postconviction relief in the District Court of Douglas County, Nebraska, on February 26, 2007. (Filing No. 21-10, Attach. 9 at CM/ECF p. 60.) One month later, Aldaco filed a "Motion For Leave to Amend" his postconviction motion. (Filing No. 21-12, Attach. 11 at CM/ECF p. 49.) The District Court of Douglas County, Nebraska, granted the motion and "considered both his initial motion and the 'amended motion,' together, . . . [as] Aldaco's operative postconviction pleadings" ("postconviction motion"). (Filing No. 21-16, Attach. 15 at CM/ECF pp. 27-28.) In his postconviction motion, Aldaco argued that "(1) his constitutional rights were violated when his speedy trial claim was denied due to procedural default caused by ineffective assistance of trial or appellate counsel; (2) the merits of his speedy trial argument should have been considered on direct appeal; (3) ineffective assistance of counsel caused him to lose the benefit of a favorable plea bargain offer; (4) he was denied effective assistance of counsel when trial counsel failed to properly cross-examine or impeach a prosecution witness; (5) ineffective assistance of counsel occurred when counsel failed to secure reversal of his conviction based upon a constitutionally inadequate jury verdict; (6) he was entitled to an evidentiary hearing; and (7) he should have been appointed counsel for this postconviction proceedings." (*Id*. at CM/ECF pp. 28-29.) The District Court of Douglas County, Nebraska, denied Aldaco's motion for postconviction relief without an evidentiary hearing and Aldaco appealed. (*Id*. at CM/ECF p. 28.) The Nebraska Supreme Court affirmed the District Court's decision on March 3, 2009. (*Id*. at CM/ECF pp. 25, 46.)

On May 26, 2009, Aldaco filed his Petition in this court. (Filing No. 1.) Thereafter, Respondent filed his Answer and Brief in Support. (Filing Nos. 22 and 23.) In his Brief,

3

Respondent argues that Claim One, Claim Two-Part Two and Claim Two-Part Three of Aldaco's Petition are procedurally defaulted because Aldaco "did not fairly present the issues on the merits all the way through the state's appellate review process and he is now barred from such presentation." (Filing No. 23 at CM/ECF pp. 11-15.) In addition, Respondent argues that Claim Two-Part One of Aldalco's Petition was adjudicated on the merits by the Nebraska Supreme Court and that this decision is entitled to deference. (*Id*. at CM/ECF p. 12.)

## *ANALYSIS*

### *I. Claim One, Claim Two-Part Two and Claim Two-Part Three*

#### A. Standards for Exhaustion/Procedural Default

As set forth in 28 U.S.C. § 2254(b)(1):

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B) (I) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

4

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

In addition, "fair presentation" of a habeas claim in state court means that a petitioner "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (quotation omitted). Thus, where a petitioner argued in the state courts only that "the trial court misapplied . . . state statutes and case law," the claim is procedurally defaulted. *Id.*; *see also Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been

5

presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n.1.

B.  **Claim One**

In Claim One, Aldaco alleges that his trial counsel was ineffective because he (1) failed to properly preserve and secure appellate review of the speedy trial issues, (2) did not bring an immediate appeal of the trial court's decision to overrule Petitioner's Motion to Dismiss, (3) incorrectly advised Petitioner regarding state law, leading him to reject the plea agreement offered by the state, (4) ignored evidence critically relevant to the prosecution's case against Petitioner and (5) failed to effectively cross-examine a state witness. (Filing No. 13 at CM/ECF p. 1.)

As discussed above, Aldaco's appellate counsel, Mark Weber, was different from his trial counsel, James Regan. (Filing No. 21-9, Attach. 8 at CM/ECF p. 1; Filing No. 21-3, Attach. 2 at CM/ECF p. 1.) "[U]nder Nebraska law, in order to raise the issue of ineffective assistance of *trial counsel* where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review." *State v. Jim*, 747 N.W.2d 410, 417-18 (Neb. 2008). In analyzing Aldaco's postconviction ineffective assistance of counsel claims, the Nebraska Supreme Court stated:

> In this case, Aldaco was represented by different counsel at trial and on direct appeal. And the only claim of ineffective assistance of counsel raised on direct appeal related to a claimed conflict of interest—a claim this court rejected. Therefore, any claims Aldaco has about the conduct of his trial, or the effectiveness of his trial counsel, are procedurally barred.

(Filing No. 21-16, Attach. 15 at CM/ECF pp. 31-32.) Although Aldaco fairly presented the allegations in Claim One to the state courts, the state court disposed of those allegations on an independent and adequate state procedural ground. Accordingly, Aldaco's Claim

7

One is procedurally defaulted and this court is precluded from reviewing it absent a showing of cause and prejudice or actual innocence. *Clemons v. Luebbers*, 381 F.3d 744, 751 (8th Cir. 2004).

### C. Claim Two-Part Two and Claim Two-Part Three

Claim Two-Part Two and Claim Two-Part Three of Aldaco's Petition are also procedurally defaulted. In Claim Two-Part Two, Aldaco alleges that his appellate counsel was ineffective because he did not raise on direct appeal that trial counsel was ineffective for failing to inform him that he could be convicted under the theory of aiding and abetting. (Filing No. 13 at CM/ECF p. 1.) In Claim Two, Part Three, Aldaco alleges that his direct appeal counsel was ineffective because he did not raise on direct appeal that his trial counsel's performance was prejudicially deficient during cross-examination of the state's primary witness. (*Id*. at CM/ECF p. 1.)

Aldaco failed to raise both Claim Two-Part Two and Claim Two-Part Three[3] in his state motion for postconviction relief. (*See* Filing No. 21-10, Attach. 9 at CM/ECF pp. 60-77; Filing No. 21-11, Attach. 10 at CM/ECF pp. 1-19; Filing No. 21-12, Attach. 11 at CM/ECF pp. 50-62.) Moreover, Aldaco is now barred from raising Claim Two-Part Two and Claim Two-Part Three in the Nebraska courts because he cannot submit a second motion for post conviction relief where, as here, the basis for relief was clearly available at the time of his first postconviction motion. *See Ortiz*, 670 N.W.2d at 792. Therefore, Claim Two-Part Two and Claim Two-Part Three are also procedurally defaulted.

---

[3]The Nebraska Supreme Court specifically addressed this claim on postconviction review, noting that "Aldaco did not allege ineffective assistance of appellate counsel, on this issue, in his postconviction pleadings." (Filing No. 21-16, Attach. 15 at CM/ECF p. 42.)

8

### D. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. [Coleman v. Thompson, 501 U.S. 722, 750 (1991)](). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." [Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999)](); *see also* [Bell v. Attorney Gen. of Iowa, 474 F.3d 558, 561 (8th Cir. 2007)]() ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The court has carefully reviewed the record in this matter, including Aldaco's Brief in Support of his Petition. In an effort to excuse his procedural default, Aldaco only makes one cause and prejudice argument. Specifically, Aldaco argues that the "procedural shell game employed by the state courts . . . made it impossible" for him to exhaust Claim One-Part Three and Claim Two-Part Two. (Filing No. 29 at CM/ECF p. 15.) However, Aldaco has not shown how this "procedural shell game" impeded his appellate counsel's efforts to properly raise Claim One-Part Three on direct appeal or that it impeded his own efforts to raise Claim Two-Part Two in his motion for postconviction relief. Further, Aldaco's contention that he would have accepted a plea bargain had he been advised about the strength of the prosecution's case is not cognizable on postconviction review in Nebraska. *See, e.g.,* [State v. Buckman, 613 N.W.2d 463, 473 (Neb. 2000)]() (concluding that an appellate court cannot second-guess reasonable strategic decisions by counsel). In short,

9

Aldaco's failure to follow Nebraska's procedural rules is not adequate cause to excuse procedural default. Therefore, Claim One, Claim Two-Part Two and Claim Two-Part Three are dismissed.

## II.    *Claim Two-Part One*

In contrast to his other claims, Aldaco's Claim Two-Part One is not procedurally barred. In Claim Two-Part One, Aldaco alleges his appellate counsel was ineffective because he failed to properly preserve and secure appellate review of speedy trial issues. (Filing No. 13 at CM/ECF p. 1.) The Nebraska Supreme Court adjudicated this claim on the merits and rejected it. (Filing No. 21-16, Attach. 15 at CM/ECF pp. 32-33.) Because the Nebraska Supreme Court adjudicated Claim Two-Part One, the court will explore its findings.

### A.    **Standard of Review**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

      **B.**    **The *Strickland* Standard**

Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88.

11

In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro, supra*, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

### C. State Court Findings

In his postconviction motion, Aldaco raised a "host" of arguments regarding his speedy trial rights, including that his appellate counsel was ineffective because he failed to raise and preserve his speedy trial claim. (Filing No. 21-16, Attach. 15 at CM/ECF p. 32.) The Nebraska Supreme Court addressed Aldaco's speedy trial arguments on postconviction review and determined that they rested on the "underlying validity of [Aldaco's] speedy trial claim." (*Id*.) The Nebraska Supreme Court then analyzed the merits of Aldaco's speedy trial claim under the Nebraska speedy trial statute. (*Id*. at CM/ECF p. 38.) The Court concluded that although the State brought Aldaco to trial a week after the speedy trial deadline, Aldaco's speedy trial rights were not violated. (*Id*.) The Court specifically stated that:

> In this case, the State offered the trial docket into evidence. And the State and Aldaco stipulated, on the record, that . . . January 5, 2004, was "the earliest and first available court date for a jury trial in the case that the Court had on its calendar." Stipulations voluntarily entered into will be respected and enforced by the courts, and a stipulation as to facts, as long as it stands,

13

> is conclusive between the parties. We find, given the evidence in the record and the stipulation of the parties, that the evidence was sufficient to support the trial court's finding of good cause for delaying trial a week beyond the speedy trial deadline. In short, Aldaco's speedy trial claim fails on the merits. That being the case, Aldaco could not have been prejudiced by any of the other errors he alleges with respect to his speedy trial claim.

(*Id*. at CM/ECF pp. 40-41.)

### D. Deference

As set forth above, the foregoing findings of fact and conclusions of law by the Nebraska Supreme Court are entitled to substantial deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. This court has carefully reviewed the record in this matter and finds that the Nebraska Supreme Court's decision to deny Claim Two-Part One was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Aldaco did not submit any evidence, let alone clear and convincing evidence, that the Nebraska Supreme Court was incorrect in any of its factual or legal determinations. 28 U.S.C. § 2254(e)(1). In addition, the Nebraska Supreme Court's determination was not contrary to clearly established federal law. Even assuming, for argument's sake, that Aldaco's appellate counsel was somehow ineffective in failing to raise and preserve his speedy trial claim, Aldaco was not prejudiced by this error because his speedy trial rights were not violated. (*See* Filing No. 21-16, Attach. 15 at CM/ECF p. 40.) In other words, Aldaco cannot demonstrate that his appellate counsel's performance prejudiced his defense under *Strickland*. 466 U.S. at 687. In light of these findings, Aldaco's Petition is dismissed in its entirety.

14

IT IS THEREFORE ORDERED that:

1. Petitioner Samson Aldaco's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in all respects and this action is dismissed with prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 25th day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.