IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMSON ALDACO, | ) | CASE NO. 8:09CV177 |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| ROBERT HOUSTON, | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion for Leave to Proceed in forma pauperis on appeal. (Filing No. 47.) The court has reviewed this Motion pursuant to 28 U.S.C. § 1915(a)(1)-(2).[1] Petitioner's trust account statement shows that he has sufficient funds to pay the appellate filing fee. (Filing No. 3.) For this reason, Petitioner's Motion for Leave to Proceed in forma pauperis is denied. *See, e.g., McKnight v. Dinwiddie*, No. 09-5152, 2010 WL 257285, at *3 (10th Cir. Jan. 25, 2010) (denying motion for leave to proceed in forma pauperis and concluding petitioner had the ability to pay the $455.00 appellate filing fee where petitioner's institutional account had a balance of $700.00).

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Proceed in forma pauperis (Filing No. 47) is denied;

2. Petitioner is granted until August 9, 2010, to pay the $455.00 appellate filing fee. Petitioner is warned that if he fails to pay the appellate filing fee, the court the court will not process his appeal; and

---

[1]The court recognizes that the provisions of 28 U.S.C. § 1915(b) do not apply to habeas cases. See *Malave v. Hedrick*, 271 F.3d 1139, 1139-40 (8th Cir. 2001).

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: August 9, 2010: deadline for Petitioner to pay $455.00 appellate filing fee.

DATED this 9th day of July, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.